**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL4086)
Anne Seelig, Esq. (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAMON PEREZ, *on behalf of himself, FLSA Collective Plaintiffs and the Class,*<br><br>Plaintiff,<br><br>v.<br><br>ERNIE'S AUTO DETAILING, INC. and ERNESTO DECENA,<br><br>Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br><br>**Jury Trial Demanded**, |

Plaintiff RAMON PEREZ ("Plaintiff" or "Plaintiff PEREZ"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants ERNIE'S AUTO DETAILING, INC. and ERNESTO DECENA (collectively, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff PEREZ alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to failure to pay overtime wages for all overtime hours worked, (2) liquidated damages and (3) attorneys' fees and costs.

1

2. Plaintiff PEREZ further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages for failure to pay overtime wages for all overtime hours worked, (2) liquidated damages, (3) statutory penalties, and (4) attorneys' fees and costs.

3. Plaintiff PEREZ further alleges, pursuant to the New Jersey Wage and Hour Law ("NJWHL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages for failure to pay overtime wages for all overtime hours worked, (2) liquidated damages, (3) statutory penalties, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to this Complaint occurred in this District.

## PARTIES

*Plaintiff:*

6. Plaintiff PEREZ is a resident of Queens County, New York.

*Defendants:*

7. Corporate Defendant ERNIE'S AUTO DETAILING, INC. is an autodetailing company that has two New Jersey locations: 12 Lawrence Street, Belleville, NJ 07109 and 404 Clifton Avenue, Clifton, NJ 07011. Its headquarters and address for service of process is 86 Spring Street, Passaic, NJ 07055. However, the company also performs a significant amount of auto detailing work in New York, where it services the needs of numerous auto dealers on site, including

but not limited to dealers in Roslyn, NY, New Rochelle, NY, Goldens Bridge, NY, and Brooklyn, NY. The Rallye Motors dealership in Roslyn, NY where Plaintiff was employed by Defendants was only one of a number of New York locations.

8. Individual Defendant ERNESTO DECENA is the president, CEO, and owner of ERNIE'S AUTO DETAILING, INC.

9. ERNESTO DECENA exercised functional control over the business and financial operations of ERNIE'S AUTO DETAILING, INC. and over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and Class Members. With respect to Plaintiff, FLSA Collective Plaintiffs and Class Members, ERNESTO DECENA exercised his power to (and also delegated to managers and supervisors the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) supervise and control employee work schedules or conditions of employment, (iv) maintain employment records, and (iv) otherwise affect the quality of employment. Individual Defendant had ultimate authority over employee-related decisions, including personnel, workplace conditions, payroll, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class Members.

10. At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) on behalf of all non-exempt auto detailing and repair workers employed

by Defendants in New York and New Jersey on or after the date that is three (3) years before the filing of this Complaint ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime hours for all overtime hours worked. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

15. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt auto detail and repairing workers employed by Defendants in New York and New Jersey on or after the date that is six (6) years before the filing of this Complaint (the "Class" or "Class Members").

16. At all relevant times, Plaintiff and Class Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure to pay overtime wages for all overtime hours worked. The claims of Plaintiff stated herein are essentially the same as those of Class Members.

17. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, such facts being in the exclusive control of Defendants at present, there is no doubt that there are more than forty (40) Class members in the Class.

19. Plaintiff's claims are typical of claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class or in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime wages for all overtime hours worked, in violation of both the NYLL and the NJWHL.

20. Defendants failed to provide proper wage notices and proper wage statements to Plaintiff and Class Members in violation of the NYLL.

21. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and

competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24. Defendants and other employers throughout the country violate their respective states' labor laws. Current employees are often afraid to assert their rights out of fear of direct or

indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and Class members within the meaning of the NYLL and the NJWHL;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

   c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

   d) Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

   e) Whether Defendants paid Plaintiff and Class members overtime wages for all overtime hours worked;

   f) Whether Defendants provided proper wage statements to Class members per requirements of the NYLL; and

   g) Whether Defendants provided proper wage notices to Class members per requirements of the NYLL.

## STATEMENT OF FACTS

26. From in or about June 2016 until in or about July 2020, Plaintiff PEREZ was employed by Defendants as an auto detail worker, doing work at the Rallye Motors car dealership at 1600 Northern Blvd, Roslyn, NY 11576.

27. Throughout this period, Plaintiff worked five days a week from 10:00 am to 10:00 pm and one day a week from 9:00 am to 3:00 pm, for a total of approximately sixty-six (66) hours.

Plaintiff's starting wage was $9/hr. In January 2017, it was raised to $10/hr. In January 2018, it was raised to $11/hr. By March 2020, it had been raised to $13/hr.

28. Plaintiff always clocked in and out. But Defendants failed to pay him proper overtime wages throughout the entire period of his employment. Plaintiff was paid for only five hours of overtime wages per week even though he worked many more overtime hours. His other overtime hours in excess of 45 were paid as regular hours.

29. Throughout his employment with Defendants, Plaintiff regularly observed and spoke to his co-workers about Defendants' pay practices and policies. Based on Plaintiff's direct observations and conversations with other employees, Plaintiff, FLSA Collective Plaintiffs and Class members were subjected to the same unlawful employment practice of not being paid overtime wages for all overtime hours worked.

30. As a result, Plaintiff, FLSA Collective Plaintiffs and the Class were not paid the proper compensation for their overtime hours, in violation of federal, New Jersey, and New York law.

31. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and the Class overtime wages for all overtime hours worked, in violation of the FLSA, NYLL, and NJWHL.

32. Defendants also discriminated against Plaintiff on the basis of his age. Plaintiff is 58 years old, and he frequently noticed that new, younger hires would start the job being paid more than him, even though he had significantly more experience. Plaintiff also observed that other, less experienced but younger, employees received regular pay raises to rates higher than his own. Plaintiff repeatedly asked his supervisors, Luis Gonzalez and Roman Duberge, for raises, but he was always rebuffed because of his age. Plaintiff was also harassed by other employees because

of his age, as they would ask him, "Why do you work so many hours? You're old and should work less hours."

33. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

34. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

35. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

36. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

37. At all relevant times, Defendants had gross annual revenues in excess of $500,000.

38. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs overtime wages for all overtime hours worked, in violation of the FLSA.

39. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by

appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

40. Defendants knew of, and/or showed a willful disregard for, the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs overtime wages for all overtime hours worked, when Defendants knew or should have known such was due.

41. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

42. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

43. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

44. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

45. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

46. At all relevant times, New York Class Members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

47. Defendants knowingly and willfully failed to pay Plaintiff and Class Members overtime wages for all overtime hours worked, in violation of the New York Labor Law.

48. Defendants knowingly and willfully failed to provide Plaintiff and Class Members with proper wage statements as required under the New York Labor Law.

49. Defendants knowingly and willfully failed to provide Plaintiff and Class Members with proper wage and hour notices as required under the New York Labor Law.

50. Due to the Defendants' New York Labor Law violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid wages, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the New York Labor Law.

## COUNT III

### VIOLATION OF THE NEW JERSEY WAGE AND HOUR LAW

51. Plaintiff realleges and incorporates all the foregoing paragraphs of the Class and Collective Action Complaint as if fully set forth herein.

52. At all relevant times, New Jersey Class Members were employed by Defendants within the meaning of the NJWHL. The New Jersey Wage and Hour Law provides that "[a]n employer shall also pay each employee not less than 1 1/2 times such employee's regular hourly rate for each hour of working time in excess of 40 hours in any week." N.J.S.A. 34:11-56a4.

53. Defendants knowingly and willfully failed to pay Plaintiff and Class Members overtime wages for all overtime hours worked, in violation of the NJWHL.

54. Due to the Defendants' NJWHL violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid wages, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the NJWHL.

## COUNT IV

## VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW

**(N.Y. Exec. Law § 292 *et seq*.)**
**(brought by Plaintiff only in his individual capacity)**

55. Plaintiff realleges and incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

56. The New York State Executive Law § 296(1)(a) provides that, "It shall be an unlawful discriminatory practice: For an employer … because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

57. Defendants violated the New York State Human Rights Law when they discriminated against Plaintiff on the basis of his age. Had he been younger, he would have been paid at the same rate (or higher) as younger employees with less experience. Had he been younger, he would not have been subjected to age-based harassment by other employees.

58. Plaintiff seeks all applicable remedies under the law, including compensatory damages, punitive damages, back pay, front pay, and attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL, NJWHL, and NYSHRL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime wages due under the FLSA, NYLL, and NJWHL;

d. An award of liquidated damages as a result of Defendants' willful failure to pay wages pursuant to the FLSA;

e. An award of liquidated damages as a result of Defendants' willful failure to pay wages, pursuant to the NYLL;

f. An award of liquidated damages as a result of Defendants' willful failure to pay wages, pursuant to the NJWHL;

g. All applicable remedies, including punitive damages, under the NYSHRL;

h. An award of pre-judgment and post-judgment interests, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff as Representative of the Class; and

l. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand trial by jury on all issues so triable as of right by jury.

Dated: October 6, 2020               Respectfully submitted,

                                              LEE LITIGATION GROUP, PLLC

                                 By:      */s/ C.K. Lee*

                                              C.K. Lee, Esq. (CL 4086)
                                              Anne Seelig, Esq. (AS 1976)
                                              30 East 39th Street, Second Floor
                                              New York, NY 10016
                                              Tel.: (212) 465-1188
                                              Fax: (212) 465-1181

                                              *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*